IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TERESA FELIX, | ) | No. CV-F-04-6198 OWW |
| | ) | (No. CR-F-03-5165 OWW) |
| | ) | |
| | ) | ORDER DENYING PETITIONER |
| Petitioner, | ) | TERESA FELIX'S MOTION TO |
| | ) | VACATE, SET ASIDE OR CORRECT |
| vs. | ) | SENTENCE PURSUANT TO 28 |
| | ) | U.S.C. § 2255 AND DIRECTING |
| | ) | CLERK OF COURT TO ENTER |
| UNITED STATES OF AMERICA, | ) | JUDGMENT FOR RESPONDENT |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

On September 3, 2004, petitioner Teresa Felix timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner pleaded guilty on November 17, 2003 pursuant to a written Plea Agreement to Count Three of the Superseding Indictment charging her with distribution of 5 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. The Plea Agreement provides in pertinent part:

    2.    **Agreements by the Defendant**.

1

...

(d) The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal her conviction and similarly waives the right to appeal any sentence (or the manner in which the sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives her right to challenge his [sic] conviction, sentence or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Sections 2241 or 2255.

...

**4.   Nature, Elements, Possible Defenses, and Factual Basis**.

...

(c) The defendant will plead guilty because she is in fact guilty of the crime set forth in the superseding indictment. The defendant also agrees that the following are the facts of this case, although she acknowledges that, as to other facts, the parties may disagree:

> On or about December 12, 1998, in the County of Tulare, State and Eastern District of California, the defendant did knowingly and intentionally sell approximately 227.8 grams of a mixture containing 11.7 grams of actual methamphetamine to an undercover agent.
>
> Specifically, the defendant negotiated with an undercover agent to sell approximately ½ pound of methamphetamine in exchange for $2,300. The defendant then arranged for Isidro Torres to pick-

> up [sic] the drugs and deliver them to where she and the agent were waiting.  The defendant knew that she was distributing methamphetamine, a controlled substance.

Petitioner was sentenced on January 26, 2004 to 60 months incarceration.  Petitioner did not file a Notice of Appeal.

Petitioner raises several grounds for relief.

1.  <u>Ground One</u>.

As Ground One, petitioner asserts "violation of Fifth and Sixth Amendment".

Petitioner, relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), contends that, although she admitted her guilt during the change of plea proceedings, "the district court applied enhancements based on the facts that were never proved to a jury or admitted by the defendant."

Petitioner's assertion is false.  The Presentence Investigation Report determined petitioner's base offense level to be 28 pursuant to USSG § 2D1.1(c)(6) based on the amount of methamphetamine admitted by petitioner during her change of plea to have been distributed.  No other enhancements to the determination of petitioner's base offense level were recommended by the Probation Office.  The Presentence Report recommended a 3-level decrease to the base offense level pursuant to USSG § 3E1.1(a) and (b) for acceptance of responsibility.  Based on the adjusted base offense level of 25 and a criminal history category

of I, the Presentence Report determined a guideline range of 60 to 71 months and recommended that a 60 month sentence be imposed. Petitioner was sentenced to 60 months.

Petitioner asserts that she was prejudiced by defense counsel's failure to file an appeal raising the issue that Petitioner's sentence was unlawful under *Apprendi* and *Blakely*.

Petitioner waived her right to appeal in the Plea Agreement. She stated under oath during the change of plea proceedings that she understood the waiver and that she agreed to it. At sentencing, the Court did not advise Petitioner of her right to appeal because of the waiver in the Plea Agreement. Petitioner does not assert in her Section 2255 motion that she requested or instructed defense counsel to file an appeal following imposition of sentence.

In cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, the Supreme Court in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), holds:

> [T]he question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. We employ the term 'consult' to convey a specific meaning - advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal ... If counsel has not consulted

> with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance. That question lies at the heart of this case: Under what circumstances does counsel have an obligation to consult with the defendant about an appeal?
>
> ...
>
> We ... hold that counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known ... Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues, and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases where the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Id.* at 478, 480. With respect to the prejudice prong of a claim of ineffective assistance of counsel, the Supreme Court holds that "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for

counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id*. at 484. The Supreme Court concluded:

> As with all applications of the <u>Strickland</u> test, the question whether a given defendant has made the requisite showing will turn on the facts of a particular case ... Nonetheless, evidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination. We recognize that the prejudice inquiry we have described is not wholly dissimilar from the inquiry used to determine whether counsel performed deficiently in the first place; specifically, both may be satisfied if the defendant shows nonfrivolous grounds for appeal ... But, while the performance and prejudice prongs may overlap, they are not in all cases co-extensive. To prove deficient performance, a defendant can rely on evidence that he sufficiently demonstrated to counsel his interest in an appeal. But such evidence alone is insufficient to establish that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal.
>
> By the same token, although showing nonfrivolous grounds for appeal may give weight to the contention that the defendant would have appealed, a defendant's inability to 'specify the points he would have raised were his right to appeal reinstated,' ... will not foreclose the possibility that he can satisfy the prejudice requirement where there are other substantial reasons to believe that he would have appealed ... We similarly conclude here that it is unfair to <u>require</u> an indigent, perhaps <u>pro se</u>, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has even reviewed the record in his case in search of potentially meritorious grounds for appeal. Rather, we require the defendant to demonstrate that, but for counsel's deficient conduct, he would

have appealed.

Id. at 485-486.

Petitioner has not demonstrated that counsel was ineffective in failing to consult her about filing an appeal or filing an appeal on her behalf.  Petitioner expressly waived her right to appeal in the Plea Agreement.  Petitioner had obtained the benefit of a favorable plea bargain, which would have been jeopardized if a Notice of Appeal was filed.  Petitioner's contentions concerning *Apprendi* and *Blakely* provided no ground for appeal because Petitioner admitted the amount of drugs involved under oath during the change of plea colloquy and no other enhancements were utilized in determining Petitioner's sentence under the Sentencing Guidelines.  Because there was no ground for appeal, appeal had been waived, and Petitioner obtained the benefit of a very favorable plea bargain, no rational defendant would want to appeal.  Defense counsel's failure to file a Notice of Appeal was not constitutionally deficient performance.

   2.   Ground Two.

Petitioner asserts "violation of Rule 11", stating: "Counsel never explain to me the consequences of signing the plea agreement, he never look for mitigating factors to help my case." Petitioner further asserts:

> Even though movant continued to request counsel to provide her with every document concerning her indictment.  She was never shown one document.  Counsel did not explore every possibility of her plea agreement.

7

> Counsel did not pursue favorable negotiations on movant's behalf. Counsel continuously used unprofessional behavior, that was frightening to the magnitude to stop the plea agreement, and movant pled guilty under fearful tactics of counsel. Movant asserted to the court, that she believed that counsel had represented her professionally. However, not having any knowledge of the law. [sic] How does one know if he beingprofessionally [sic] represented? There was a conflict of interest, when counsel knew that he had not provided movant the opportunity to view documents of the charge.

Petitioner's claim is without merit. Petitioner stated under oath at the change of plea proceedings that she had discussed with defense counsel the charges against her and how she would defend against them if she proceeded to trial, that the plea agreement had been interpreted for her, that she read, that she was able to ask defense counsel any questions she had about the plea agreement, and that she understood the plea agreement. Petitioner stated under oath that she was satisfied with the legal advice and representation that defense counsel had provided, that no other promises had been made to her other than those set forth in the Plea Agreement, and that no one had threatened or put pressure on her to enter into the Plea Agreement.

3. <u>Ground Three</u>.

Petitioner asserts "violation of Rule 32", stating: "He was never present at my interviews he never explain to me the P.S.I., or did objections to the P. officer." Petitioner contends:

> Here the Court erred by failing to make specific findings as to the accuracy of

> information in the presentence report.
> Movant <u>Felix</u> keep telling Counsel of all the issues that movant were not in agree [sic], and the counsel keep saying that this would not affect her sentence and that she was not going to do jail time that he had control of everything Counsel never sit down with movant to discuss all the descripancies [sic] on the presentence report.
>
> ...
>
> The Presentence investigation report [sic] on movant <u>Felix</u> contains, [sic] several factual inaccuracies, presumably offered by the government for example quataty [sic] of drugs used for sentencing, criminal history, realation [sic] with the co-defendants and so many issues that movant do not agree and keept [sic] telling the counsel to object to all those issues but nounsel [sic] never argue to all this descripancies [sic].
>
> Which are not supported by evidence and indeed are contradicted by facts known to the government.  These inaccuracies were belived [sic] and create a very harsher and unjustified sentence.

Petitioner's claims are without merit.  In response to questions before sentence was imposed, Petitioner stated that the Presentence Investigation Report had been interpreted for her, that she had discussed the Presentence Investigation Report with defense counsel, and that she understood the Presentence Investigation Report.  The Presentence Investigation Report states in paragraph 13 that Petitioner was interviewed at the Fresno County Jail on December 16, 2003 in the presence of defense counsel.  When questioned at sentencing whether she wished to say anything, petitioner only stated that she wished to be allowed to be close to her family.  Petitioner did not

challenge the accuracy of the Presentence Investigation Report, state that defense counsel had not been present at the interview by the Probation Officer, or state that she did not incur the prior narcotics conviction described in paragraphs 27-30 of the Presentence Investigation Report.  The quantity of drugs used to calculate Petitioner's sentence was the amount of drugs Petitioner admitted to under oath at the change of plea proceedings.

## CONCLUSION

For the reasons stated:

1. Petitioner Teresa Felix's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;

2. The Clerk of the Court is directed to enter Judgment for Respondent.

IT IS SO ORDERED.

Dated:   **May 22, 2008**                          /s/ Oliver W. Wanger
                                                    UNITED STATES DISTRICT JUDGE